```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


SCOTT N. JOHNSON,                    )    2:06-cv-2374-GEB-EFB
                                     )
                    Plaintiff,       )
                                     )
     v.                              )    ORDER
                                     )
CAPSTAR SACRAMENTO COMPANY, LLC,     )
a Delaware limited liability         )
company; MERISTAR H & R OPERATING    )
COMPANY, L.P.; and DOES              )
1 through 10, inclusive,             )
                                     )
                    Defendants.      )
                                     )
```

On January 11, 2007, the parties filed a Stipulated Dismissal and Order Thereon ("Stipulated Dismissal") in which they stipulate that "[a]ll of Plaintiff's claims in this Lawsuit be dismissed with prejudice . . . ." (Stipulated Dismissal at 1.) The Stipulated Dismissal further provides that "th[e] stipulation is made pursuant to the Confidential Settlement Agreement and General Release entered into by and among the parties and the parties request that the Court retain jurisdiction only for enforcement purposes." (Id. at 2.)

The Court declines the parties' request for it to retain jurisdiction over a settlement agreement it has not seen. Parties who assume that a federal court will automatically exercise jurisdiction

over a settlement agreement fail to recognize that "the mere fact that the parties agree that the court should exercise continuing jurisdiction [over their settlement agreement] is not binding on the court." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). Whether jurisdiction over a settlement agreement is exercised depends upon a finding that sufficient reason exists to do so. Settlement agreements are contracts, and the "automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994). Because the parties have not provided reason justifying the exercise of jurisdiction over their settlement agreement, and conjecture is required as to the appropriateness of doing so, the parties' request is denied.

Since the parties have settled this action and have stipulated to dismiss the action with prejudice, this action is dismissed with prejudice. Cf. Oswalt v. Scripto, Inc., 616 F.2d 191, 194-95 (5th Cir. 1980) (indicating that a dismissal order should issue where it is evident that is the parties' intent, even though the parties failed to file a formal stipulation of dismissal document). The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: January 11, 2007

GARLAND E. BURRELL, JR.
United States District Judge

2